■ JEFFREY LANGSTON, Appellant, v TRIBORO CONTRACTING, INC., et al., Respondents. [843 NYS2d 49]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 15, 2007, which, in an action to recover money paid pursuant to a home improvement contract, insofar as appealed from, denied plaintiff home owner's motion for partial summary judgment on his causes of action against defendant contractor for diversion of Lien Law article 3-A trust funds, unanimously affirmed, with costs.

We reject plaintiff's argument that he is entitled to return of the money paid to defendant simply because the money, paid over time with checks, admittedly was never deposited into an escrow account in a bank, as required by Lien Law § 71-a (4), but instead was immediately cashed. The primary purpose of Lien Law article 3-A is to ensure that those who have expended labor and materials to improve real property at the direction of an owner or a general contractor receive payment for the work actually performed (*Aspro Mech. Contr. v Fleet Bank*, 1 NY3d 324, 328 [2004]). Thus, the issue, in deciding whether there has been a diversion of trust funds, is not whether the funds have

been deposited in a bank, but whether the funds have actually been used to pay subcontractors, suppliers and laborers (*cf.* 1 NY3d at 329). Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.